UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE COWAN, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. CV 07-7191-JTL <br><br> MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On November 9, 2007, Yvonne Cowan ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of her application for Disability Insurance Benefits. On December 19, 2007, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On December 27, 2007 plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on June 12, 2008, defendant filed an Answer to the Complaint. On August 11, 2008, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On March 3, 2005, plaintiff filed an application for Disability Insurance Benefits alleging an onset date of November 13, 2003.[1] (Administrative Record ["AR"] at 70-72). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 51-55, 59-63). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 64).

On August 9, 2006, the ALJ conducted a hearing in Long Beach, California. (See AR at 311-44). Plaintiff appeared at the hearing with counsel and testified. (AR at 315-28). Randi Langford-Hetrick, a vocational expert, also testified at the hearing. (AR at 329-42). On August 21, 2006, the ALJ issued his decision denying benefits to plaintiff. (AR at 17-22). The ALJ determined that plaintiff had uncontrolled diabetes mellitus and depression, but that she did not have an impairment or combination of impairments that meets or equals any of the impairments listed in Appendix 1 of the regulations. (AR at 21). The ALJ discredited plaintiff's subjective complaints of severe functional limitations and concluded that plaintiff retained the residual functional capacity to perform basic unskilled work with mild difficulty in rapid fingering; mild difficulties in maintaining concentration persistence or pace; mild difficulties in understanding, remembering and carrying out detailed work instructions and in maintaining attention and concentration for extended periods of time. (Id.). While the ALJ determined that plaintiff could not return to her past relevant work as an outreach worker, administrative assistant or receptionist, the ALJ concluded that there are a significant number of jobs existing in the national economy that plaintiff can perform. (Id.). Accordingly, the ALJ concluded that plaintiff was not disabled through the date of the decision. (Id.). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 6-8).

Thereafter, plaintiff appealed to the United States District Court.

///

---

[1] Plaintiff previously filed an application for Disability Insurance Benefits on May 18, 2004, which was denied at the initial level. (AR at 27). Plaintiff's previous application was consolidated with plaintiff's March 3, 2005 application. (See AR at 17).

**PLAINTIFF'S CONTENTION**

The ALJ's decision is not supported by substantial evidence and a finding of disability is required pursuant to Social Security Ruling 82-59.

**STANDARD OF REVIEW**

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**DISCUSSION**

**A.     The Sequential Evaluation**

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S.

137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.     The Evidence in the Record**

Plaintiff alleges that the ALJ's decision is not supported by substantial evidence. Plaintiff argues that even if she was fully compliant with the treatment prescribed for her diabetes,[2] she would still be entitled to benefits under Social Security Ruling ("SSR")[3] 82-59. (Joint Stipulation at 4).

///

---

[2] Plaintiff does not dispute the ALJ's findings that her diabetes is not controlled due to her failure to take insulin five times a day, as directed, due to her fear of needles. (Joint Stipulation at 4).

[3] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

On review, an ALJ's findings are entitled to deference if they are supported by substantial evidence in the record and are sufficiently specific for the reviewing court to assess whether the decision was impermissibly arbitrary. Bunnell v. Sullivan, 947 F.2d 341, 345-56 (9th Cir. 1991). The ALJ is charged with determining a claimant's residual functional capacity based on an evaluation of the evidence as a whole. See 20 C.F.R. §§ 404.1546, 416.945; Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). An ALJ's residual functional capacity finding will be affirmed if the ALJ applied the proper legal standard and his or her decision is supported by substantial evidence. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401.

Plaintiff argues that the severity of her diabetes, even when she is fully compliant with the prescribed treatment, requires a finding of disability. The ALJ's decision that plaintiff was not disabled despite her failure to comply with her diabetes treatment, however, is supported by substantial evidence in the record. (AR at 18-20). In the decision, the ALJ noted that plaintiff was diagnosed with Type I diabetes mellitus in 2000 and had difficulty controlling her blood sugar. (AR at 18; see AR at 292, 298). The ALJ cited to treatment notes in the record and noted that these difficulties were, in part, the result of plaintiff's poor compliance with her treatment due to her fear of injecting herself with insulin. (AR at 18; see AR at 205, 298, 316-17). The ALJ then discussed the medical evidence and found that plaintiff's "diabetes mellitus [had] not caused any end organ damage, despite poor control," and concluded that plaintiff was not disabled despite her failure to comply with treatment. (AR at 18; see also AR at 205). Thus, the ALJ's non-disability decision was not based upon plaintiff's failure to follow prescribed treatment, as plaintiff contends. (See Joint Stip. at 4).

Moreover, the ALJ specifically discredited plaintiff's allegations of greater functional limitations based on her failure to comply with her treatment, inconsistent statements and the extent of her daily activities. (AR at 19-20). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989). In order to discredit a claimant's testimony when a medical impairment has

been established, the ALJ must provide "specific, cogent reasons for the disbelief." Morgan, 169 F.3d at 599 (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996)). An ALJ must "cit[e] the reasons why the [claimant's] testimony is unpersuasive." Morgan, 169 F.3d at 599. An ALJ may consider many factors in weighing a claimant's credibility, including "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see Orn v. Astrue, 495 F.3d 625, 637-39 (9th Cir. 2007).

Here, the ALJ noted that plaintiff's "diabetes is uncontrolled due to her non-compliance with treatment; her fear of injecting herself with insulin." (AR at 19). The ALJ further noted that "[a]t the hearing, [plaintiff] testified that she needed five injections a day but admitted that she would not do it herself, alleging that she had a neighbor inject her." (AR at 19; see AR at 205, 298, 316-17, 396). Given plaintiff's allegations of pain and severe functional limitations, plaintiff's asserted reluctance to inject herself with insulin does not constitute a sufficient reason that justifies her failure to comply with her prescribed treatment. Accordingly, the ALJ properly considered plaintiff's treatment regimen when evaluating plaintiff's credibility. See Fair, 885 F.2d at 604.

The ALJ also cites to inconsistencies in plaintiff's statements regarding her methamphetamine addiction, and in plaintiff's testimony regarding her functional limitations and daily activities, in support of his decision to discredit plaintiff's testimony. (AR at 19-20). The ALJ noted that plaintiff admitted to a history of methamephetamine addiction to Nathan Lavid, M.D., on May 18, 2005, but at the hearing denied any addiction and testified that her abuse of methamphetamine was a one time event. (AR at 19; see AR at 171, 227, 264-67, 326). The ALJ further noted that on August 13, 2004, when plaintiff saw Suzanne Dupee, M.D., a board certified psychiatrist, plaintiff reported that she had not used methamphetamine for eight years. (AR at 19; see AR at 169). Plaintiff also testified that she had difficulty using her fingers, but that she also engaged in daily activities that required rapid fingering, such as using her

computer to go on the internet or play games. (AR at 19-20; see AR at 322, 327).

The ALJ properly relied on the inconsistencies in plaintiff's testimony regarding her use of methamphetamine to evaluate plaintiff's credibility. See Smolen, 80 F.3d at 1284; Fair, 885 F.2d at 604 n.5 (conflicts in a claimant's statements or testimony support a finding that the claimant lacks credibility). The inconsistencies in plaintiff's statements regarding the functional capacity of her hands and fingers, as well as the extent of her reported daily activities, also support the ALJ's finding that plaintiff lacks credibility.

Finally, the ALJ cites to plaintiff's daily activities in support of his decision to discredit plaintiff's testimony. In evaluating a claimant's credibility, an ALJ must consider the factors set forth in SSR 95-5p, including a claimant's daily activities. The Ninth Circuit has held that a specific finding that a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting may be sufficient to discredit a claimant's allegations of pain. Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001). However, the Ninth Circuit has cautioned that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." Fair, 885 F.2d at 603. Activities such as grocery shopping, driving a car, or limited walking for exercise do not "in any way detract from [a claimant's] credibility as to [his or her] overall disability." Vertigan, 260 F.3d at 1050. The Ninth Circuit has repeatedly stated that a claimant need not be utterly incapacitated in order to be disabled under the Social Security Act. See Fair, 885 F.2d at 603; Vertigan, 260 F.3d at 1050.

Here, the ALJ found that plaintiff "leads a fairly normal lifestyle" and reported that she "talked on the telephone, played with her cats, drove her car, did household chores, watched television, shopped by computer/store and ate out in restaurants." (AR at 20; see AR at 94-101, 130-32). The ALJ properly cited to plaintiff's ability to interact with others, drive, shop and her other activities as a factor when evaluating plaintiff's credibility regarding her allegations of disability. See SSR 95-5p. Taken as a whole, the ALJ's reasons for rejecting plaintiff's credibility are sufficiently specific, and the decision to reject plaintiff's testimony regarding her

pain and functional limitations is supported by substantial evidence in the record. See Morgan, 169 F.3d at 599; Orn, 495 F.3d at 635.

Plaintiff also alleges that the vocational expert's testimony at the hearing supports a finding of disability. (Joint Stipulation at 4; see AR at 334-35). Plaintiff's argues that a finding of disability is required based on the vocational expert's testimony that a person who needs to take unscheduled breaks for as long as 10 minutes, two or three times a week to take insulin or eat would not be employable. The hypothetical that the vocational expert responded to, however, included a number of limitations in excess of plaintiff's limitations as assessed by the ALJ. These limitations included unscheduled ten minute breaks two to three times per week; moderate limitations in punctuality and customary tolerances; and limitations in memory, concentration, interacting with the public and vision. (AR at 330-35). The ALJ is not bound to accept as true the restrictions set forth in the hypothetical question or the vocational expert's testimony in response because the hypothetical did not accurately reflect plaintiff's limitations and restrictions. Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001) ("An ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence."). Thus, the ALJ did not err in rejecting the vocational expert's testimony that was based on a hypothetical that included limitations that were more restrictive than those that the ALJ determined plaintiff had.

The ALJ properly relied on the vocational expert's response to the third hypothetical in support of his findings at step five of the sequential evaluation. See Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir. 1995); Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995) (a vocational expert's testimony constitutes substantial evidence when the ALJ presents the vocational expert with a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations). The hypothetical included all of plaintiff's limitations, and a few limitations beyond plaintiff's assessed capacity. The vocational expert testified that, even with the more restrictive residual functional capacity, such a person could work as a cleaner/housekeeping (DOT No. 323.687-014) or laundry aide (DOT No. 302.685-010). (AR at 334). The vocational expert testified that

each job exists in significant numbers in the regional and national economies. (AR at 334). Because the hypothetical presented to the vocational expert included all of plaintiff's limitations, the ALJ properly relied on this testimony in making the step five determination. Accordingly, the ALJ's step five determination is based on substantial evidence.

Finally, plaintiff argues that SSR 82-59 entitles her to benefits. Plaintiff alleges that the ALJ erred in concluding plaintiff is not disabled based upon her non-compliance with the treatment prescribed for her diabetes. (Joint Stipulation at 4-5). SSR 82-59 delineates the circumstances in which benefits can be denied based on the claimant's failure to follow prescribed treatment. However, SSR 82-59 applies only to "[i]ndividuals with a <u>disabling impairment</u> which is amenable to treatment that could be expected to restore their ability to work[.]" (emphasis in original). As discussed above, the ALJ's determination that plaintiff's diabetes was not a disabling impairment is supported by substantial evidence. Because SSR 82-59 applies only to claimants who would otherwise be disabled within the meaning of the Act, the ALJ did not err in failing to follow the analysis set forth in SSR 82-59.

## ORDER

After careful consideration of all documents filed in this matter, this Court finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards. The Court, therefore, AFFIRMS the decision of the Commissioner of Social Security Administration.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 19, 2008

                                      /s/ Jennifer T. Lum
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE